769 So.2d 481 (2000)
OCWEN FINANCIAL CORPORATION, Appellant,
v.
Paul HOLMAN, Susan Holman, Robert Fickas, Catherine Fickas, AMX Funding, a California corporation, Ocwen Financial Services, a Florida corporation, William C. Erbey, an individual, John R. Barnes, an individual, Joseph A. Dlutowski, an individual, and Does 1 through 20, inclusive, Appellees.
Nos. 4D99-4084, 4D99-4101.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Daniel S. Rosenbaum and John R. Sheppard, Jr., of Becker & Poliakoff, P.A., West Palm Beach, for Appellants-Ocwen Financial Corporation, Ocwen Financial Services, William C. Erbey, John R. Barnes and Joseph A. Dlutowski.
James B. Tilghman, Jr., and David W. Bianchi of Stewart Tilghman Fox & Bianchi, P.A., Miami, and Bruce A. Broillet and Scott H. Carr of Greene, Broillet, Taylor, Wheeler & Panish, Santa Monica, California, for Appellees-Paul Holman, Susan Holman, Robert Fickas, Catherine Fickas and AMX Funding.
*482 STEVENSON, Judge.
This is an appeal by Ocwen Financial Corporation (Ocwen) of a non-final order of the Palm Beach County circuit court denying its motion to compel arbitration. Consolidated with that appeal is an appeal by Ocwen Financial Services (OFS), William C. Erbey, John R. Barnes, and Joseph A. Dlutowski of the same order. We reverse.
The complaint at issue arises out of a transaction in which Paul Holman, Robert Fickas, and their partner James Cook, with the consent of their wives, sold their interests in a California mortgage company called Admiral Home Loan (Admiral)[1] to OFS, a wholly-owned subsidiary of Ocwen, pursuant to an agreement in which the selling partners would receive a twenty percent interest in OFS and Ocwen would hold eighty percent. The parties initially entered into an asset purchase agreement with OFS as buyer, and Admiral, Holman, Fickas, and Cook (hereinafter, collectively referred to as the "Admiral owners"), as seller. The asset purchase agreement called for a stockholders' agreement to be entered into between Ocwen and the Admiral owners. Ocwen was to name three of OFS' directors; it named defendants Erbey, Barnes, and Dlutowski. The other director was to be named by the Admiral owners, who chose plaintiff Holman.
The first count of the Admiral owners' seven-count complaint was against Ocwen and the three individual defendants, the OFS directors it had named, for breach of fiduciary duty; the second claim was against Ocwen for breach of the stockholders' agreement; the third claim was against Ocwen for breach of the covenant of good faith and fair dealing; the fourth claim was against Ocwen for fraud; the fifth claim was asserted by Holman's and Fickas' wives against OFS for violation of section 10b(5) of the 1934 Securities and Exchange Act; the sixth claim was against Ocwen and the OFS directors it had named for conspiracy to commit fraud; and the seventh claim was against the same defendants for an accounting.
Ocwen, OFS and the individual defendants, Erbey, Barnes, and Dlutowski, moved to compel arbitration, asserting that plaintiffs' claims arose out of the asset purchase agreement. The arbitration provision in the agreement reads in pertinent part as follows:
14.12 Arbitration.

14.12.1 It is the intention of the parties that disputes arising under this agreement, if not resolved by discussion among the parties, shall be resolved through arbitration. Any controversy or claim between Buyer and Seller or between Buyer and the Admiral Owners arising out of or relating to this Agreement or agreements or instruments relating hereto or delivered in connection herewith, including, but not limited to, a claim based on or arising from any alleged tort, will, at the request of any party, be determined by binding arbitration. The arbitration shall be conducted by the American Arbitration Association. The arbitration shall be conducted in Palm Beach County, Florida, if Seller or the Admiral Owners initiate such claim or controversy, and shall be conducted in Los Angeles County, California, if Buyer or Ocwen or its affiliates initiate such claim or controversy. The arbitration shall be conducted in accordance with the United States Arbitration Act (Title 9, U.S.Code), notwithstanding any choice of law provision in this Agreement, and under the Commercial Rules of the American Arbitration Association. The arbitrator(s) shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable *483 shall be determined by the arbitrator(s).

(emphasis added).
One of the conditions to closing on the asset purchase agreement was that the parties to it were to have executed the stockholders' agreement attached to it. That agreement was entered into between Ocwen, Admiral, Holman, Fickas, and Cook. Section 6.11 of the stockholders' agreement provides as follows:
6.11 Entire Agreement; Amendment: This Agreement contains the entire agreement among the parties hereto with respect to the transactions contemplated herein, supercedes all prior written agreements and negotiations and oral understandings, if any, and may not be amended, supplemented or discharged except by performance or by an instrument in writing signed by all of the parties hereto.
We conclude that the trial court erred in denying the defendants' motion to compel arbitration. Doubts about the scope of arbitration agreements are to be resolved in favor of arbitration. See Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992). Arbitration clauses are to be given the broadest possible interpretation in order to accomplish the purpose of resolving controversies outside of the courts. See Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107 (Fla. 3d DCA 1995). We reject appellees' three primary arguments in this case, which are that: (1) the agreement to arbitrate was only as to claims between the named buyer and seller; (2) Ocwen and the individual defendants were not "parties" to the arbitration agreement; and (3) the claims arising out of the stockholders' agreement should not be subject to arbitration because that agreement did not contain an arbitration clause but instead incorporated boilerplate language that it was the entire agreement between the parties and that it superceded all prior agreements.
As for the first argument, we cannot agree with appellees' insistence on reading the arbitration clause so restrictively, as applying only to claims "between Buyer and Seller or between Buyer and the Admiral Owners." The clause does not say that only those claims are subject to arbitration; it does not say that other claims are not. Construing the entire clause as a whole, including the provision that specified where arbitration would be conducted if the claim were brought by Ocwenclearly not a buyer or seller as those terms were defined in the asset purchase agreementmandates a broader reading. The appellees' second argument is closely related to the first; we conclude that Ocwen is a "party" within the meaning of the arbitration clause because it received rights and accepted obligations under the asset purchase agreement. The individual defendants as well are entitled to the protection of the arbitration clause in the contract signed by OFS because the claims against them arose solely in connection with their activities as officers and directors of that corporation. See Arnold v. Arnold Corp.-Printed Communications for Bus., 920 F.2d 1269 (6th Cir.1990). With respect to the third argument, interpreting the arbitration clause broadly as we must, we find that the stockholders' purchase agreement, which admittedly did not itself contain an arbitration clause, was delivered in connection with the asset purchase agreement and fell within the language of that agreement's arbitration clause. See Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., Inc., 219 So.2d 110 (Fla. 3d DCA 1969)(holding that the subcontractor was entitled to arbitrate a dispute arising from the subcontract, where the subcontract incorporated by reference the general contract, which referred to the provisions of the American Institute of Architects, which in turn contained an arbitration clause); see also In re AGI Software, Inc., 199 B.R. 850 (Bankr.D.N.J.1995).
*484 We have considered appellees' other arguments in support of the order denying the motion to compel arbitration, but find them unpersuasive. Accordingly, the order denying the motion to compel arbitration is REVERSED.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] Admiral is now known as AMX Funding, Inc. and, under that name, is one of the plaintiffs in the instant case.