870 So.2d 940 (2004)
Urs KOECHLI, Charles R. Cushing, and C.R. Cushing & Company, Inc., Appellants,
v.
BIP INTERNATIONAL, INC. d/b/a Global Interior Group, Appellee.
No. 1D03-1511.
District Court of Appeal of Florida, First District.
April 26, 2004.
*941 Michael G. Tanner and Mark G. Alexander of Holland & Knight LLP, Jacksonville, for Appellants.
Gregory A. Anderson, John J. Glenn and Brian W. Davey of Anderson St. Denis & Glenn, P.A., Jacksonville, for Appellee.
VAN NORTWICK, J.
Urs Koechli, Charles R. Cushing, and C.R. Cushing & Company, Inc. appeal a non-final order denying their motions to compel arbitration. The underlying action arose out of a business transaction in which Alpha GMBH & Co. Schiffsbesitz KG (Alpha), and appellee, BIP International, Inc., doing business as Global Interior Group (BIP), entered into a vessel refurbishment agreement providing for the terms under which BIP would renovate the vessel M/Y Giant I (the vessel). Appellants were not signatories to the refurbishment agreement, but possessed rights and incurred obligations under it. Among other things, the refurbishment agreement included a provision that required arbitration of "any dispute between the parties hereto as to any matter arising *942 out of or relating to this Contract." BIP filed suit against the appellants based upon actions they took on behalf of and as agents or officer of Alpha in connection with the refurbishment agreement. We hold that these non-signatories may invoke the arbitration provision of the refurbishment agreement and compel arbitration by BIP, a signatory, where appellants acted as the representatives or agents for Alpha in entering into and performing the refurbishment agreement; BIP's action against appellants asserts claims based upon appellants' alleged wrongful acts committed while performing their duties relating to the refurbishment agreement; and BIP's separate federal court action against Alpha, which has been referred to arbitration, is based in substantial part on allegations of wrongful acts by the appellants while acting in their capacity as agents for or officers of Alpha which are substantially interdependent to the allegations in the instant action. Accordingly, we reverse and remand for further proceedings.

I. Factual Background
Alpha purchased the M/Y Giant I with plans to refurbish and operate the vessel as a luxury charter yacht. Alpha and BIP entered into a refurbishment agreement under which BIP agreed to make specified renovations and modifications to the vessel. Cushing & Co., acting through its principal, C.R. Cushing, was appointed as Alpha's onsite representative and was authorized to act on behalf of Alpha. Urs Koechli signed the refurbishment agreement as Alpha's chief executive officer.
The refurbishment agreement contains two provisions that are relevant here. Article XIV, paragraph 1 provides in pertinent part:
In the event of any dispute between the parties hereto as to any matter arising out of or relating to this Contract or any stipulations herein or with respect hereto which cannot be settled by the parties themselves, such dispute shall be finally settled by binding arbitration in New York, New York, pursuant to the commercial rules of arbitration of the American Arbitration Association by a single arbitrator designated in accordance with the rules of the American Arbitration Association.
Article XXI, paragraph 6 provides:
This Contract shall not be deemed for the benefit of any third party nor shall it give any person not a party to this contract any right to enforce its provisions.
After work on the vessel began under the refurbishment agreement, both BIP and Alpha asserted that the agreement had been breached. BIP contended that Alpha had misrepresented the condition of the vessel and the extent of necessary modifications and that Alpha had failed to make agreed upon payments under the refurbishment agreement. Alpha contended that BIP failed to properly complete the modifications.
BIP filed an in-rem action in Federal District Court in the Southern District of Florida to arrest the vessel to recover progress payments. The claims between the parties included breach of contract, fraud in the performance of the contract, wrongful arrest of the vessel and defamation. The vessel filed a motion to stay the civil action and compel arbitration pursuant to article XIV of the refurbishment agreement. The Federal District Court granted the motion and the cause proceeded to arbitration.
BIP also filed suit in the Duval County Circuit Court against Cushing & Company, Cushing, Koechli, and eight other defendants. Count I of BIP's complaint alleges that the appellants and others fraudulently induced BIP to enter into the refurbishment agreement by making representations *943 regarding the status or condition of the vessel which the defendants knew to be false. Count II alleges the same misrepresentations, but alleges that they resulted from negligence. Count III alleges that certain defendants, including Cushing, conspired to defraud BIP. Count IV alleges that appellants and others converted the proceeds of a $1,000,000 letter of credit which BIP and a corporate affiliate had posted to secure BIP's performance under the agreement. Count V alleges that appellants and other defendants tortiously interfered with BIP's business relationship with Alpha. Count VI alleges tortious interference with a contractual right against appellants and other defendants.
Appellants filed separate motions to compel arbitration and to stay. The trial court denied the motions, reasoning that the appellants were not parties to the contract between BIP and Alpha and, thus, could not enforce the arbitration provision.

II. Applicable Law
The refurbishment agreement provides that New York law applies. An arbitration agreement is not generally enforceable under Florida law if it incorporates the law of another state. Riverfront Properties Ltd. v. Max Factor III, 460 So.2d 948, 952 (Fla. 2d DCA 1984). Because this case involves interstate commerce, however, the Federal Arbitration Act applies, and Florida courts must enforce an arbitration agreement that is valid under the Federal Arbitration Act. Jensen v. Rice, 809 So.2d 895, 899 (Fla. 3d DCA 2002)("Florida courts must enforce arbitration agreements that are valid and enforceable under the Federal Arbitration Act, even where, as here, the arbitration agreement would not be enforceable under Florida law."). While federal law establishes the enforceability of arbitration agreements, state law governs the interpretation and formation of such agreements. Employers Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir.2001).

III. Issues on Appeal
On appeal, appellants contend that this case is a transparent attempt by BIP to circumvent its obligation to arbitrate under the refurbishment agreement. They contend that, as Alpha's agents, appellants are entitled to the benefit of Alpha's arbitration agreement. Alternatively, they contend that equitable estoppel applies to allow them, non-signatories, to require arbitration.
We start from the general principle that arbitration is a matter of contract and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Therefore, a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration. While exceptions to this rule should be rare, see Westmoreland v. Sadoux, 299 F.3d 462, 465 (5th Cir.2002), exceptions nonetheless exist depending upon the factual circumstances involved.
"Although arbitration is a contractual right that is generally predicated on an express decision to waive the right to trial in a judicial forum, [courts have] held that the lack of a written arbitration agreement is not an impediment to arbitration." Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756-57 (11th Cir.1993). Florida law recognizes that contracts may be validly formed without *944 an express written agreement. Nautica Intern., Inc. v. Intermarine USA, L.P., 5 F.Supp.2d 1333, 1340 (S.D.Fla.1998). Florida and federal courts have recognized that a non-signatory can compel arbitration by a signatory to an arbitration agreement when the underlying proceeding concerns actions allegedly taken by the non-signatory as an agent of a signatory, Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 777 (2d Cir. 1995); Qubty v. Nagda, 817 So.2d 952, 957-58 (Fla. 5th DCA 2002); Merrill Lynch Pierce, Fenner & Smith, Inc. v. Melamed, 453 So.2d 858, 860 (Fla. 4th DCA 1984); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286, 288 (Fla. 3d DCA 1980); when the non-signatory is an intended third party beneficiary of the contract in question, E.I. Dupont de Nemours & Co. v. Rhone, Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir.2001); Henderson v. Idowu, 828 So.2d 451, 452 (Fla. 4th DCA 2002); Technical Aid Corporation v. Tomaso, 814 So.2d 1259, 1261 (Fla. 5th DCA 2002); and, under the doctrine of equitable estoppel, when the signatory's claims allege substantially interdependent and concerted misconduct by the signatory and the non-signatory or when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory. MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir.1999); Armas v. Prudential Securities, Inc., 842 So.2d 210, 212 (Fla. 3d DCA 2003); see also Jensen v. Rice, 809 So.2d 895, 900 (Fla. 3d DCA 2002). See generally Reynolds v. York, 2003 WL 22880945 (S.D.Tex. November 21, 2003). Finally, "it matters whether the party resisting arbitration is a signatory or not." Merrill Lynch Investment Managers v. Optibase, Ltd., 337 F.3d 125, 131 (2d Cir. 2003).

IV. Agency and Equitable Estoppel
Appellants do not contend that they are intended third party beneficiaries under the refurbishment agreement. They argue that they can invoke the arbitration provision in the refurbishment agreement because they are agents of Alpha, a signatory to the refurbishment agreement. We reject the broad construction of the agency exception urged by appellants, which would permit a non-signatory agent to a signatory to invoke arbitration simply because the agency relationship exists. This argument erroneously blurs the legal distinction between individual capacity and representative capacity which is "a meaningful legal difference." Westmoreland, 299 F.3d at 466, quoting McCarthy v. Azure, 22 F.3d 351, 360 (1st Cir.1994). Like the Westmoreland court, we conclude that "a non-signatory cannot compel arbitration merely because he is an agent of one of the signatories." Id. A non-signatory agent should be permitted to compel arbitration
when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory .... [or] when the signatory to the contract containing a arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.
Id. at 467.
Applying these equitable estoppel principles, see MS Dealer Corp. v. Franklin, 177 F.3d at 947, we have examined the language of the refurbishment agreement[1] *945 and the claims which have been asserted in this action and have determined that, even though BIP's claims sound in tort, BIP's claims rely upon and are necessarily related to the refurbishment agreement. Moreover, the facts constituting the alleged misconduct of Alpha in the separate federal court action referred to arbitration are substantially the same facts on which BIP relies to demonstrate the alleged misconduct of appellants in the case before us. Because the basis of BIP's claims arise out of or are intimately related to the refurbishment agreement, it would be inequitable to allow BIP both to rely upon the agreement in its action against non-signatories and selectively to repudiate it when seeking to resist arbitration. See Hughes Masonry Co. v. Greater Clark County School Building Corp., 659 F.2d 836, 838-39 (7th Cir.1981). Thus, even though BIP's claims sound in tort, under the circumstances here, BIP is estopped from denying the appellants the benefit of the arbitration provision.

V. "Party"
The definition of the term "party" under the refurbishment agreement is also a central issue here. The arbitration provision requires arbitration "of any dispute between the parties hereto as to any matter arising out of or relating to this Contract...." In addition, article XXI, paragraph 6 of the contract provides that "this Contract shall not be deemed for the benefit of any third party nor shall it give any person not a party to this contract any right to enforce its provisions." Neither party has supplied any directly-on-point authority for the meaning of "party" or "third party" under these provisions. Appellants contend that, because they stood in the shoes of the principal, Alpha, in their actions under the contract, they are not a "third party" within the meaning of the contract.
We note that this is not a situation in which the language of the contract expressly restricts arbitration to the signing parties. Compare Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000)(arbitration agreement between automobile "dealer" and "purchaser" did not entitle automobile manufacturer to compel arbitration of dispute with purchaser). Similar to the agency relationship analysis discussed in section IV above, we conclude that, in the context of the unique facts of this case, for the purposes of invoking the arbitration provision the word "party" includes appellants, who received rights and were bound to obligations under the refurbishment agreement.
In concluding that the appellants are deemed parties for the purpose of compelling arbitration by a signatory to the underlying agreement, we find persuasive the reasoning of the Fourth District Court of *946 Appeal in Ocwen Financial Corp. v. Holman, 769 So.2d 481, 483 (Fla. 4th DCA 2000) and Tenet Healthcare Corp., FMC v. Maharaj, 787 So.2d 241 (Fla. 4th DCA 2001). In Holman, Ocwen, a non-signatory of the underlying contract but the parent corporation of a signatory, sought to compel arbitration. The court held that, even though Ocwen and other individual defendants were not signatories to the underlying contract, they were deemed parties for purposes of arbitration. As the court explained:
[W]e conclude that Ocwen is a "party" within the meaning of the arbitration clause because it received rights and accepted obligations under the asset purchase agreement. The individual defendants as well are entitled to the protection of the arbitration clause in the contract signed by OFS because the claims against them arose solely in connection with their activities as officers and directors of that corporation.
769 So.2d at 483.
Similarly, in Tenet Healthcare Corp., FMC v. Maharaj, 787 So.2d 241, 243 (Fla. 4th DCA 2001), although Tenant Healthcare and the hospital were not signatories to the underlying agreements, the court held that they were "parties" within the meaning of the arbitration clauses "because the claims against them arose solely in connection with their activities as officers and directors of the Transplant Institute, [and] also because the claims against them arose from the same set of operative facts as those claims against the Transplant Institute and the General Partner." The Tenet Healthcare court reasoned:
Because the arbitration clauses in this case are expansive provisions, encompassing "any controversy or claim arising out of or in connection with this Agreement, or the alleged breach thereof," and because the factual allegations in the complaint relied on the contract between the parties, we resolve the issue in favor of arbitration.
Id.
As the non-signatories in Ocwen and Tenet, appellants received rights and assumed obligations under the refurbishment agreement and the claims against them arose from actions in their capacity as agents or an officer of Alpha, a signatory under the agreement. Thus, we hold the appellants are deemed parties for the purpose of the arbitration provision.

VI. Conclusion
For the reasons explained above, we hold that appellants, although non-signatories to the contract, may invoke the arbitration provision of the refurbishment agreement, and that the trial court erred in denying the motion to compel arbitration. Accordingly, the order on appeal is REVERSED and REMANDED for further proceedings consistent with this opinion.
PADOVANO and HAWKES, JJ., concur.
NOTES
[1] The arbitration provision in the contract requires arbitration "of any dispute between the parties as to any matter arising out of or relating to this contract." See Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984)(claim against account executive, a non-signatory who was employed by securities firm, was subject to arbitration pursuant to arbitration clause in a contract governing the cash management account between the securities firm/employer and customer, where the language of the contract was broad enough to include persons within the respondeat superior doctrine); accord Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980)(where parties agree to arbitrate "any controversy or claim arising out of, or relating to this agreement" such language was broad enough to include persons within respondeat superior doctrine; and thus nonsignatory employees of a car dealership were considered parties to arbitration contract between buyers and dealership). Compare Qubty v. Nagda, 817 So.2d 952, 958 (Fla. 5th DCA 2002)("broad arbitration provisions [are] intended to obligate signatories to the agreement to arbitrate disputes brought not only against the principal, but claims made against the principal's agents").