967 So.2d 240 (2007)
Ira D. GILLER, Appellant,
v.
CAFETERIA OF SOUTH BEACH LTD., LLP, etc., Appellee.
No. 3D05-1397.
District Court of Appeal of Florida, Third District.
August 29, 2007.
Rehearing and Rehearing Denied November 8, 2007.
*241 Daniels, Kashtan, Downs, Robertson & Magathan, and Madelyn Simon Lozano, Coral Gables, for appellant.
Holland & Knight, and James D. Wing, Miami, Miranda-Lin S. Gong, Houston, TX, and Lenore C. Smith, for appellee.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied November 8, 2007.
SHEPHERD, J.
Ira D. Giller, a professional architect and principal in the firm of Giller & Giller, Inc., appeals a non-final order denying his verified motion to compel arbitration. See Fla. R.App. P. 9.130(a)(3)(C)(iv). The trial court denied the motion on the ground that Mr. Giller, individually, was not a party to the agreement under which architectural services were provided to Cafeteria of South Beach Limited, LLP, (Cafeteria), nor entitled to invoke the contract's arbitration clause. We conclude that Mr. Giller is entitled to demand arbitration pursuant to the agreement and reverse the order on appeal.
The case involves a claim for professional malpractice brought in tort by Cafeteria, as the successor in interest to ALP Management, LLC, (ALP), against Ira D. Giller, individually. The controversy arises out of an Agreement between Owner and Architect for architectural services required in the construction of tenant improvements for the Cafeteria Restaurant in Miami Beach. ALP is identified in the agreement as "the Owner" and Giller & Giller, Inc. as "the Architect." The agreement states, "[t]he Architect's Basic Services shall include normal structural, mechanical, and electrical engineering services." It recites that "[the t]erms of this Agreement shall have the same meaning as those in the edition of the AIA Document A201, General Conditions of the Contract for Construction, current as of the date of this Agreement." Giller & Giller, Inc. is not a defendant in the action.
The arbitration provision in the agreement reads as follows:
Claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement that are not resolved by mediation shall be decided by arbitration. . . . No arbitration arising out of or relating to this Agreement shall include, by consolidation or joinder or in any other manner, an additional person not a party hereto except by written consent containing specific reference to this Agreement signed by the Owner, Architect and any other person sought to be joined. . . .
We review a denial of a motion to compel arbitration de novo. Turner Constr. Co. v. Advanced Roofing, Inc., 904 So.2d 466, 468 (Fla. 3d DCA 2005).
Applying this standard to the facts of this case, we first find that Ira Giller, individually, is entitled to invoke the right to arbitrate under the contract. Although the corporation alone is expressly identified as "the Architect" in the architectural services agreement, a provision of the standard form A201 General Conditions incorporated into the agreement further defines the term "Architect" as follows:
The Architect is the person lawfully licensed to practice architecture or an entity lawfully practicing architecture identified as such in the Agreement and is referred to throughout the Contract Documents as if singular in number. *242 The term "Architect" means the Architect or the Architect's authorized representative.
The trial court concluded and Cafeteria argues that Mr. Giller, individually is "an additional person not a party hereto" or "other person" under the terms of the agreement. We disagree. We find that the contract plainly and unambiguously includes Mr. Giller among those who can demand arbitration under the terms of the agreement. Gray v. D & J Indus., 875 So.2d 683 (Fla. 3d DCA 2004)("The construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible of only one interpretation.").
Second, we reject Cafeteria's argument that Mr. Giller cannot avail himself of the arbitration clause in the contract because it has not sued him for breach of contract. While the complaint against Mr. Giller sounds in tort, the duties alleged to have been breached are imposed by the architectural services agreement. Under the agreement, Giller & Giller, Inc. was obligated to provide the full range of "normal structural, mechanical, and electrical engineering" services. The complaint filed by Cafeteria alleges that Mr. Giller, individually, negligently failed to include proper electrical services on the architectural drawings, negligently designed the supporting beams for the structure, and "falsely certified a non-Code-conforming skylight." There is an indisputable nexus between these claims and the professional services agreement. Cafeteria cannot avoid arbitration simply by choice of legal theory. See Seifert v. U.S. Home Corp., 750 So.2d 633, 639 (Fla.1999)(noting that "[t]he key element in determining whether tort claims are subject to an arbitration provision is the relationship between the claims asserted and the underlying contractual obligations")(internal citations omitted). See also Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, 776 So.2d 940 (Fla. 3d DCA 2000)(professional malpractice claim subject to arbitration where the claim arises out of or relates to the contract for services and is encompassed within the terms of the arbitration clause, even though there is no signed contract directly between the parties to the suit).
Finally, we conclude that Cafeteria is estopped from repudiating the obligation to arbitrate in this case. One cannot both take advantage of contract provisions to seek to impose liability on an individual professional and at the same time avoid another contract term or provision for which it has no use. See United Contractor's Inc. v. United Constr. Corp., 187 So.2d 695, 701-02 (Fla. 2d DCA 1966)("[T]he law is too well settled to admit of controversy that one may not accept the fruits of a contract and at the same time renounce, or repudiate, the burdens which that contract places upon him.") (citing Warren v. Tampa Mortgage Investors' Co., 112 Fla. 555, 150 So. 738, 741 (1933)); Hughes Masonry Co. v. Greater Clark County Sch. Bldg. Corp., 659 F.2d 836, 838-39 (7th Cir.1981)("[W]e believe it would be manifestly inequitable to permit Hughes to both claim that J.A. is liable to Hughes for its failure to perform the contractual duties described in the Hughes-Clark agreement and at the same time deny that J.A. is a party to that agreement in order to avoid arbitration of claims clearly within the ambit of the arbitration clause. In short, (plaintiff) cannot have it both ways. (It) cannot rely on the contract when it works to its advantage, and repudiate it when it works to (its) disadvantage.") (citations omitted).
We reverse the order denying the motion to compel arbitration under review with directions that the trial court order *243 the claims in this case between Cafeteria and Mr. Giller, individually, be submitted to arbitration pursuant to the terms of the professional services agreement.
Reversed.