STEVENSON, J.
In this appeal, Paul and Carmela Roman challenge an order of the trial court granting the defendants’ motion to compel the arbitration of all claims asserted in the Romans’ four-count complaint. The Romans contend that (1) the trial court erred in compelling the arbitration of counts III and IV as they assert claims against non-signatories to the contracts and (2) the arbitration provisions of the contracts are void and unenforceable as a matter of law because the provisions impermissibly limit the buyers’ remedies. We reject the arguments raised, affirm the order appealed, and write primarily to address the latter claim.
In 2005, the Romans contracted with Atlantic Coast Construction and Development, Inc., for the construction of three homes. By July of 2009, the homes had not been constructed and Atlantic Coast had failed to return the Romans’ deposit. The Romans filed suit against Atlantic Coast, Amy Paladin Crossman (Atlantic Coast’s “contractor” and “qualifying agent”), and Joseph Paladin (Atlantic Coast’s president and the individual who signed the contracts on behalf of Atlantic Coast).
Count I asserted a claim for breach of contract against Atlantic Coast. Count II asserted a claim for breach of fiduciary duty against Joseph Paladin, alleging that, contrary to the terms of the contract, the Romans’ deposit monies had been transferred from the escrow account. Count *224 Ill asserted a claim for “civil remedy for theft,” pursuant to section 489.126, Florida Statutes, against all three defendants. Section 489.126, entitled “Moneys received by contractors,” provides that “[a] contractor who receives money for ... construction of residential real property in excess of the value of the work performed shall not, with intent to defraud the owner, fail or refuse to perform any work for any 90-day period.” § 489.126(3)(a), Fla. Stat. The Romans alleged each defendant was a “contractor” within the meaning of section 489.126 and sought treble damages for civil theft pursuant to section 772.11, Florida Statutes. Finally, count IV asserted a claim against Atlantic Coast and Joseph Paladin for violation of section 501.1375, Florida Statutes, governing escrow requirements for deposits received by “building contractors.” Each of the real estate contracts contained an arbitration clause, and relying upon those provisions, the defendants filed a motion to abate the civil suit and to compel the arbitration of the Romans’ claims. The trial court granted the defendants’ motion and the Romans challenge that ruling.
“ ‘[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit’ ” and for this reason “a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration.” Koechli v. BIP Int’l, Inc., 870 So.2d 940, 943 (Fla. 1st DCA 2004) (quoting AT & T Techs., Inc. v. Commc’ns Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). There are, however, two exceptions relevant to the instant appeal: a non-signatory agent can compel arbitration “when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory,” see Koechli, 870 So.2d at 944, and when “there are allegations of concerted action by both a nonsignatory and one or more of the signatories to the contract,” see Rolls-Royce PLC v. Royal Caribbean Cruises LTD., 960 So.2d 768, 771 (Fla. 3d DCA 2007). Like the trial court, we find these exceptions apply in the instant case so as to make counts III and IV subject to arbitration.
This brings us to the Romans’ claim that the order compelling arbitration must be reversed because the arbitration provisions of the contracts are void and/or unenforceable. “An arbitration clause is ... unenforceable if its provisions deprive the plaintiff of the ability to obtain meaningful relief for alleged statutory violations.” Alterra Healthcare Corp. v. Estate of Linton ex rel. Graham, 953 So.2d 574, 578 (Fla. 1st DCA 2007), declined to follow on other grounds in Jaylene, Inc. v. Steuer ex rel. Paradise, 22 So.3d 711 (Fla. 2d DCA 2009); see also Lacey v. Healthcare & Ret. Corp. of Am., 918 So.2d 333, 334 (Fla. 4th DCA 2005) (“To the extent that a contractual limitation defeats the purpose of a remedial statute, the limitation may be found void as a matter of law.”). There is a distinction to be drawn, however, between a determination that an arbitration clause is invalid as it impermis-sibly limits a plaintiffs remedies and a challenge to the validity of the contract as a whole. The majority of courts, including this one, have held that the former is a question to be resolved by the trial court, but that the latter is a question to be resolved by the arbitrator. See, e.g., Linton, 953 So.2d at 576-77 (holding that trial judge was proper person to determine validity and/or enforceability of an arbitration clause that expressly incorporated a limitation of liability provision capping noneconomic damages and eliminating award of punitive damages, but recognizing that challenge to the validity of the *225 contract as a whole must go to the arbitrator); Alterra Healthcare Corp. v. Bryant, 937 So.2d 263, 267-69 (Fla. 4th DCA 2006) (holding trial judge was proper person to determine validity and/or enforceability of arbitration provision that limited discovery rights, eliminated right to appeal, capped noneconomic damages, and eliminated punitive damages, but recognizing challenge to validity of contract as a whole must go to arbitrator); but see Jaylene, Inc. v. Steuer ex rel. Paradise, 22 So.3d 711, 713 (Fla. 2d DCA 2009) (noting that precedent in Second District provides that arbitrator should determine validity of an arbitration provision that limits remedies and that this position is contrary to that taken by the First, Fourth and Fifth Districts).
The contracts at issue in this case contain the following provisions:
9. ARBITRATION CLAUSE FOR
A. All disputes and controversies between the parties arising out of or in connection with this Real Estate Sales Contract, as to the existence, construction, validity, interpretation or meaning, performances, nonperformance, enforcement, operation, breach, continuance, or termination thereof shall be submitted to arbitration....
[[Image here]]
B. The parties stipulate that the provisions of this agreement shall be a complete defense to any suit, action, or proceeding instituted in any federal, state, or local court or before any administrative tribunal with respect to any controversy or dispute arising during the period of this agreement....
[[Image here]]
31. BREACH BY SELLER: If Builder breaches this Contract or if Builder fails for any reason to complete the sale, Purchaser may terminate this Contract by written notice to Builder and receive a refund of the Earnest Money as Purchaser’s sole remedy. Purchaser hereby waives the right to damages or specific performance, or both from Builder.
Despite the Romans’ argument to the contrary, nothing in the language of the arbitration provision serves to limit the buyers’ remedies to the return of their deposit and to bar them from seeking any other form of relief, including the statutory relief sought in counts III and IV. Paragraph 9B of the arbitration provision states only that if the parties should attempt to resort to the courts or an administrative tribunal to resolve their claims, then the agreement to arbitrate the claims shall constitute a complete defense to the pursuit of judicial remedies. Nothing in the language of 9B, even when read in conjunction with or in light of paragraph 31, can be read to state that the buyers are waiving all statutory causes of action or remedies, such as those for illegal acts like the civil theft and improper maintenance of escrow funds alleged in the complaint. And, to the extent the Romans are suggesting the contract, as a whole, is void and/or unenforceable, such determination is one that must be resolved by the arbitrator. See Linton, 953 So.2d at 577; Bryant, 937 So.2d at 269; see also Rent-A-Center, W., Inc. v. Jackson, — U.S. -, -, 130 S.Ct. 2772, 2778-79, 177 L.Ed.2d 403 (2010) (recognizing that, under the Federal Arbitration Act, if a party challenges the enforceability of the agreement as a whole, the challenge is for the arbitrator to decide).
The trial court’s order granting the defendants’ motion to compel arbitration is, accordingly, affirmed.

Affirmed.

GROSS, C.J., and CIKLIN, J., concur.