PER CURIAM.
Appellant, AP Atlantic, Inc., a non-signatory to a construction contract, appeals the denial of its motion to compel arbitration after the trial court concluded that the contract's arbitration provision did not apply to non-signatories. The construction contract was signed by Appellee, Silver Creek St. Augustine, LLLP, and Appellant's affiliate, AP Gulf States, Inc. We *866 reverse because a non-signatory may enforce an arbitration provision when a signatory makes a claim against the non-signatory that arises out of the contract.
Generally, "a non-signatory to a contract containing an arbitration agreement ... cannot compel a signatory to submit to arbitration." Koechli v. BIP Int'l, Inc. , 870 So.2d 940, 943 (Fla. 1st DCA 2004). However, an exception to this rule is "when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory." Id. at 944 (citations omitted).
In this case, Appellee is a signatory and has alleged claims below against Appellant directly related to both performance and payment under the contract. In these rare circumstances, Florida courts have determined that a non-signatory to the contract may enforce an arbitration provision against a signatory. See, e.g. , Roman v. Atl. Coast Constr. & Dev., Inc. , 44 So.3d 222, 224 (Fla. 4th DCA 2010) ; Koechli , 870 So.2d at 945 ; Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc. , 776 So.2d 940, 943 (Fla. 3d DCA 2000). Accordingly, we reverse the order denying Appellant's motion to compel arbitration and remand with directions that the trial court grant the motion.
REVERSED and REMANDED.
EVANDER, C.J., EISNAUGLE and HARRIS, JJ., concur.