# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2327
Lower Tribunal No. 24-18659-CA-01
_____


**Nicklaus Companies, LLC,**
Appellant,

vs.

**Jack W. Nicklaus, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Cole, Scott & Kissane, P.A., and Thomas E. Scott, Juan X. Franco and Francesca M. Stein; Constantine Cannon LLP, and Gary J. Malone (New York, NY), for appellant.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Eugene E. Stearns, Matthew W. Buttrick, Cecilia D. Simmons, and Albert D. Lichy, for appellees.


Before SCALES, C.J., and LINDSEY, and BOKOR, JJ.

SCALES, C.J.

Nicklaus Companies, LLC ("Company") appeals a December 19, 2024 final judgment confirming an arbitration award in favor of appellees Jack W. Nicklaus and W. Scott Tolley. Company raises two issues, both implicating the broad arbitration provision contained in an employment agreement[1] between Company and Nicklaus.[2]

First, Company asserts that, since Tolley – Nicklaus's agent – was not a signatory to the agreement between Company and Nicklaus, the agreement's arbitration provision was inapplicable to Trolley's tortious interference claim against Company and the arbitrator was without jurisdiction to adjudicate this claim. Second, Company asserts that the arbitrator exceeded his powers by including two footnotes in the arbitration

---

[1] An investor established Company to purchase Nicklaus's long-standing business, Golden Bear International, Inc. Company then employed Nicklaus as its Chief Executive Officer, and the parties executed the subject employment agreement containing the arbitration provision.

[2] In pertinent part, the arbitration provision reads as follows:

> Unless otherwise prohibited by law or specified below . . . all disputes, claims and causes of action, in law or equity, arising from or relating to this Agreement or its enforcement, performance, breach, or interpretation shall be resolved solely and exclusively by final and binding arbitration held in Miami, Florida under the auspices and applicable rules of the American Arbitration Association ("AAA") under the then existing AAA arbitration rules.

2

award that dealt with issues allegedly outside the scope of the claims subject to arbitration.

Regarding Company's first assertion, while Tolley was not a party to the employment agreement between Nicklaus and Company, Tolley's tortious interference claim against Company plainly arose from Tolley's capacity as an agent of Nicklaus. The arbitrator, therefore, did not err in concluding that Tolley's claim was arbitrable. Koechli v. BIP Int'l, Inc., 870 So. 2d 940, 944 (Fla. 1st DCA 2004) ("Florida and federal courts have recognized that a non-signatory can compel arbitration by a signatory to an arbitration agreement when the underlying proceeding concerns actions allegedly taken by the non-signatory as an agent of a signatory[.]"); see also Beazer Homes Corp. v. Bailey, 940 So. 2d 453, 462 (Fla. 5th DCA 2006) (same); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So. 2d 286, 288 (Fla. 3d DCA 1980) (holding that non-signatory agents could compel arbitration because "the parties agreed to arbitrate '[a]ny controversy or claim arising out of, or relating to this agreement,' which is broad enough to include persons within the respondent [sic] superior doctrine.").

Regarding Company's second assertion that in two footnotes the arbitrator strayed beyond the claims in Nicklaus and Tolley's operative pleading, Company and Nicklaus vested the arbitrator with significant

3

authority to resolve all disputes of any form arising from the employment agreement. The subject matter of the two footnotes relates to Nicklaus's employment agreement and, therefore, is within the scope of the arbitrator's authority. Under our standard of review,[3] we conclude that the trial court did not err by not striking those footnotes before confirming the arbitration award. Metalonis v. Boies Schiller Flexner LLP, 350 So. 3d 458, 463 (Fla. 3d DCA 2022) ("Here, the Arbitrator clearly did not exceed his authority under the [Florida Arbitration Code] because the issues resolved in arbitration were covered by the broad arbitration provision, which encompasses any dispute 'arising from or relating to the [parties' agreement].'").

Affirmed.

---

[3] See Fisten v. Brown, 388 So. 3d 963, 963 n.1 (Fla. 3d DCA 2024) ("This Court reviews orders on a petition to vacate an arbitration award under a mixed standard: facts are reviewed for competent and substantial evidence and legal questions are reviewed de novo." (quoting Israel v. Costanzo, 216 So. 3d 644, 646 (Fla. 4th DCA 2017))).

4