867 So.2d 520 (2004)
FIVE POINTS HEALTH CARE, LTD. d/b/a Park Ridge Nursing Center, a Florida limited partnership, Appellant,
v.
Michael ALBERTS, Appellee.
No. 1D02-4713.
District Court of Appeal of Florida, First District.
February 26, 2004.
V. James Facciolo of Hayden, Facciolo & Vaughn, P.A., Fernandina Beach, for Appellant.
Michael J. Carter of Morgan, Colling & Gilbert, P.A, Orlando, for Appellee.
KAHN, J.
Because the case law construing and applying Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), would require arbitration of the present claim, we must reverse a trial court order denying a motion to compel arbitration. Contrary to the conclusion of the trial court, the present case does arise from the agreement, and therefore the matter is subject to arbitration.
Appellee Michael Alberts obtained admission to Park Ridge Nursing Center by entering into an Agreement for Care. Under the Agreement for Care, the nursing home agreed, among other things, to:
3. Furnish room, meals as required by the resident, nursing care, or custodial care, as may be required for the well-being of the resident. This provision expressly excludes extraordinary services, including but not limited to physician care, private duty nursing, private sitters, and therapies *521 not required by law. In the event that at any time during the furnishing of these services by the facility the resident is not in need of the specific service, refuses the service (e.g., meals), requires additional supplements (not including feeding by invasive procedures), no adjustment will be made in the daily rate for that resident's care.
5. Provide required assistance in daily living, and restorative nursing care, in accordance with the resident's care plan, where appropriate. The resident reserves the right to refuse said treatment.
The Agreement contains the following arbitration provision:
Any controversy or claim arising out of or relating to the Agreement or the breach thereof, shall be settled by arbitration in accordance with the provisions of the Florida Arbitration Code....
The complaint in this case purports to be an action for damages in excess of $15,000, and for violation of Mr. Alberts' rights as a nursing home resident under sections 400.022 and 400.023, Florida Statutes. The complaint recites in conclusory terms, without underlying factual allegations, violations of section 400.022, a law that details nursing home residents' rights. Although pleading a number of rights granted by the statute, the operative portion of the complaint in this matter alleges that a staff member of Park Ridge Nursing Center negligently placed Mr. Alberts in a tub of hot water, causing him severe burns to both feet and his left leg. This alleged misfeasance on the part of nursing home staff can only be seen as arising out of, or relating to, the obligations taken on by the nursing home pursuant to paragraphs 3 and 5 of the Agreement for Care. Accordingly, the trial court's order concluding that this dispute does not arise out of the Agreement because it does not "raise some issue, the resolution of which requires a reference to or construction of some portion of the contract" is clearly erroneous.
Even more to the point, the dispute in this case arises out of, or is related to, the admission agreement, because the obligations imposed by section 400.022 do not arise until a person is admitted to a Florida nursing home, presumably under an admission agreement. Section 400.022(2) requires that a written statement of a patient's rights be provided "to each resident or the resident's legal representative at or before the resident's admission to a facility." From this we must conclude that the statutory rights enumerated in section 400.022 arise only as a result of an admission and, hence, an admission agreement, with a nursing home facility. Such conclusion is completely consistent with the supreme court's ruling in Seifert. The court stated, "`If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract.'" Seifert, 750 So.2d at 640 (quoting Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526, 531 (Ct.App.1990)). The statutory duties under section 400.022 arose because of Mr. Alberts' admission to Park Ridge Nursing Center pursuant to the Agreement for Care.
The remaining issue is whether, as the trial court's order contends, the fact that the complaint seeks recovery for duties imposed by law and in recognition of public policy thwarts the contractual right to arbitration. Under Seifert, a court must consider three elements before ruling on a motion to compel arbitration: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration *522 was waived." 750 So.2d at 636. In the present case, the only issue raised by appellee in opposition to the motion to compel arbitration concerned the second Seifert prongwhether an arbitrable issue exists. As noted above, the trial court felt that the complaint did not arise out of the Agreement because it did not require construction of the Agreement. The trial court went further, however, and recited its conclusion that the duties alleged to have been breached are wholly independent from the Agreement because these duties are imposed by law in recognition of the public policy of this state. Having veered down this path, the trial court concluded that the second Seifert prong had not been met and that arbitration would not be appropriate.
Statutory claims in Florida are subject to arbitration in numerous instances. A claim brought under the Florida Deceptive and Unfair Trade Practice Act, Chapter 501, Part II, Florida Statutes, is subject to arbitration. See Aztec Med. Servs. Inc. v. Burger, 792 So.2d 617 (Fla. 4th DCA 2001). This is true even though a claim under the Deceptive and Unfair Trade Practice Act "does not arise out of the contract, nor does it exist solely for the benefit of the parties to the contract." Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 632 (Fla. 1st DCA 1999). Violations of the Florida Securities Act, Chapter 517, Florida Statutes, are, under the Seifert analysis, subject to arbitration. See Hirshenson v. Spaccio, 800 So.2d 670 (Fla. 5th DCA 2001). The "arising out of or related to" language is broad enough to encompass claims of fraud or deceptive trade practices in the context of automobile sales, even when such claims are brought under the federal Magnuson-Moss Act and the Florida Deceptive and Unfair Trade Practice Act. See Stacy David, Inc. v. Consuegra, 845 So.2d 303 (Fla. 2d DCA 2003).
The question of substantive unconscionability of the arbitration clause is not an issue in this case. Nevertheless, the agreement here would not be found substantively unconscionable merely because it requires arbitration of a statutory claim. See Stewart Agency, Inc. v. Robinson, 855 So.2d 726 (Fla. 4th DCA 2003) (finding that a provision compelling arbitration of a claim under the Florida Deceptive and Unfair Trade Practice Act is subject to arbitration); Brasington v. EMC Corp., 855 So.2d 1212 (Fla. 1st DCA 2003) (requiring arbitration of statutory civil rights claim where plaintiff sought, among other things, systemic injunctive relief that would restrain illegal practices affecting persons other than the plaintiff). In fact, in Gainesville Health Care Center v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003), we upheld an arbitration provision against a claim of unconscionability in an action for negligence brought under section 400.022. In that case, we found a similar arbitration clause neither substantively nor procedurally unconscionable and remanded with directions that the trial court compel arbitration.
The complaint filed here alleges the nursing home failed to render adequate care to Mr. Alberts, thus resulting in his injury, in violation of section 400.022. The claim arises directly from care provided to Mr. Alberts under the Agreement for Care. The trial court's order refusing to compel arbitration is erroneous and is REVERSED.
ERVIN and BOOTH, JJ., Concur.