# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-994
Lower Tribunal No. 13-28568
_____

**Club Mediterranee, S.A., etc., et al.,**
Appellants,

vs.

**Megan Fitzpatrick, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Diane Ward, Judge.

Richard A. Sherman, Sr. and James W. Sherman (Fort Lauderdale); Peter A. Miller, for appellants.

Lipcon, Margulies, Alsina & Winkleman and Carlos Felipe Llinás Negret, for appellees.

Before SHEPHERD, C.J., and EMAS and LOGUE, JJ.

SHEPHERD, C.J.

Club Mediterranee. S.A., Club Mediterranee (Bahamas), LTD., Holiday Village (Columbus Isle) LTD, Club Med Sales, Inc., and Club Med Management Services, Inc. (collectively "Club Med") appeal a non-final order denying their motion to compel arbitration or, in the alternative, to dismiss the complaint in this case on the ground of forum non conveniens. We affirm the trial court's denial of the motion to compel arbitration, but reverse the denial of the motion to dismiss on the ground of forum non conveniens and remand for further consideration pursuant to Kinney System, Inc. v. Continental Insurance Company, 674 So. 2d 86, 93 (Fla. 1996).

The case before us is a premises liability and negligence action filed by Megan Fitzpatrick against her employer, Club Mediterranee (Bahamas), LTD., its parent, and affiliates. While asleep in her employer-provided dormitory room, located in a building to the rear of the guest section of the Columbus Isle Village Resort in the Bahama Islands, Megan Fitzpatrick was attacked and sexually assaulted by an unknown assailant. At the time of the attack, Megan Fitzpatrick was employed by Club Med as a costume designer.

Her employment agreement includes the following provision:

> **As a condition of your employment, you agree that any claim or controversy arising out of your employment** or the termination thereof, **including but not limited to, any** breach of contract claim, **tort claim (including negligence and intentional wrongs)**, discrimination claim, harassment claim and employee benefit claim,

2

**must be pursued internally through the established Company chain of command. Should your matter not be resolved to your satisfaction and should you wish to pursue it further, you will be required to submit your claim to the commercial arbitration tribunal of the American Arbitration Association ("AAA") for final and binding resolution** by an arbitrator. All such claims, whether made against the undersigned employer or any or its parent, subsidiary or affiliated entities (or any employees of these entities), must be pursued internally first and subsequently submitted to the exclusive venue of arbitration if unresolved.

**The arbitration will be conducted in Miami, under the commercial arbitration rules of the AAA, as amended from time to time, and as are incorporated herein by reference.**

(emphasis added). We treat each issue raised in turn.

**The Arbitration Issue**

The question presented on this issue is whether the claim filed by Megan Fitzpatrick, which seeks compensation for harm resulting from an attack and sexual assault by an unknown assailant upon her in her employer-provided dormitory room, away from her place of work, constitutes a "claim or controversy arising out of [her] employment." Thus posed, the question is almost self-answering.

We apply a de novo standard of review to the question presented. Giller v. Cafeteria of South Beach Ltd., LLP, 967 So. 2d 240, 241 (Fla. 3d DCA 2007). We also preliminarily note "[w]hen deciding whether a claim falls within the scope of an arbitration agreement, courts 'focus on factual allegations in the complaint rather than the legal causes of action asserted.'" See Jones v. Halliburton Co., 583

3

F.3d 228, 240 (5th Cir. 2009) (citing Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V., 372 F.3d 339, 344 (5th Cir. 2004)); Jackson v. The Shakespeare Foundation, Inc., 103 So. 3d 587, 592-93 (Fla. 2013) ("This Court's review of an order dismissing an action and compelling arbitration is limited to the four corners of the complaint and its incorporated attachments."). Against this backdrop, we have little difficulty concluding that Megan Fitzpatrick's employer and related entities are not entitled to invoke the arbitration clause in her employment agreement. Succinctly stated, Megan Fitzpatrick's claim has nothing to do with her employment by Club Med. The attack did not occur during her working hours, or at or near her workplace. The fact that it would not have arisen but for the existence of her employment agreement is insufficient by itself to transform a dispute into one "arising out of" her employment with Club Med. Seifert v. U.S. Home Corporation, 750 So. 2d 633, 638 (Fla. 1999).

Our Supreme Court has on more than one occasion instructed the lower courts that there are two basic types of arbitration provisions: (1) provisions with language and application narrow in scope, and (2) provisions with language broad in scope. Jackson, 108 So. 3d at 593 (citing Seifert, 750 So. 2d at 636-37). "An arbitration provision that is considered to be narrow in scope typically requires arbitration for claims or controversies "arising out of the subject contract." Id. at 636. In contrast, "an arbitration provision that is considered to be broad in scope

4

typically requires arbitration for claims or contracts 'arising out of or relating to' the subject contract." Id. at 637. The arbitration agreement before us is of the former type.

To "arise out of" an agreement to arbitrate, a claim must have "a direct relationship to a contract's terms and provisions" or "'relate to' the subject contract.'" Jackson, 108 So. 3d at 593. The factual allegations of the complaint in this case do not rely in any respect on the employment agreement between Megan Fitzpatrick and her employer. See Seifert, 750 So. 2d at 641. There is no nexus between the terms and provisions of that agreement and the assault on Megan Fitzpatrick. The trial court correctly denied Club Med's motion to compel arbitration of Megan Fitzpatrick's personal injury claim. See e.g., Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1214 (11th Cir. 2011) (holding that employee of cruise line was not required to arbitrate tort claims not connected with or related to the "Crew Agreement," where she was drugged and raped while off-duty); Jones, 583 F.3d at 241 (finding that sexual assault and battery claims were not subject to arbitration because they did not arise "in or about the workplace" and were not related to her employment, where plaintiff was raped in housing barracks after working hours).

**The Forum Non Conveniens Issue**

5

The denial by the trial court of Club Med's motion to dismiss on the ground of forum non conveniens can be handled with greater dispatch. In denying this motion, the trial judge construed the parties' agreement that any arbitration would be conducted in Miami, Florida as a waiver of the forum non conveniens challenge. The trial court gave only perfunctory consideration to the <u>Kinney</u> factors. The trial court was mistaken in construing the venue provision in the arbitration clause as a waiver of the forum non conveniens challenge. We reverse this portion of the order of the trial court and remand for consideration of Club Med's motion to dismiss on this ground pursuant to <u>Kinney</u>.

Affirmed in part; reversed in part and remanded for further proceedings.