IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DR. AMANDA SAUNDERS,

      Appellant,

 v.                                                                              Case No.  5D17-45

ST. CLOUD 192 PET DOC HOSPITAL, LLC,

      Appellee.

_____/

Opinion filed August 11, 2017

Non-Final Appeal from the Circuit Court
for Osceola County,
Scott Polodna, Judge.

Travis Hollifield, of Hollifield Legal Centre,
and Margaret E. Kozan, of Margaret E.
Kozan, P.A., Winter Park, for Appellant.

John Finnigan, of Finnigan Law Firm, P.A.,
Maitland, for Appellee.


WALLIS, J.

     Dr. Amanda Saunders appeals the trial court's order granting a motion to compel

arbitration filed by appellee, St. Cloud 192 Pet Doc Hospital, LLC ("Pet Doc"). Because

the trial court improperly granted Pet Doc's motion to compel arbitration, we reverse and remand for further proceedings.[1]

In September 2015, Pet Doc hired Saunders (then, Dalton) as its managing doctor of veterinary medicine. The parties executed an employment agreement containing the following arbitration provision: "Any claim or controversy that <u>arises out of or relates to</u> this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association." (emphasis added). In June 2016, Saunders filed a four-count complaint against Pet Doc, alleging: (I) sex discrimination in violation of Osceola County Ordinance Section 27, (II) negligent hiring, (III) negligent training, and (IV) negligent supervision. The allegations stemmed from various incidents involving one of Saunders's co-workers, which she alleges resulted in her constructive termination due to a hostile work environment. In its answer, Pet Doc generally denied Saunders's allegations and repeatedly asserted the following: "[Pet Doc] denies that jurisdiction and venue are proper in this Court due to an arbitration provision in an Employment Agreement that [Saunders] entered into with [Pet Doc] and [Pet Doc] denies liability as to all of [Saunders's] claims in her Complaint."

In October 2016, Pet Doc moved to compel arbitration and stay the proceedings, citing the employment agreement's arbitration clause. Pet Doc argued Saunders's claims arose "from the parties' employment relationship that only existed as a result of the parties' execution of their Employment Agreement" and, thus, fell well within the scope of

---

[1] Because we find that Saunders's complaint did not raise arbitrable claims, we do not address the additional issue of waiver.

the broad arbitration clause. Pet Doc also cited the employment agreement's clause concerning harassment and discrimination, which states:

> It is the policy of Company to maintain a model workplace free from harassment and other forms of discrimination based on race, color, religion, sex, national origin, age, disability, and sexual orientation. Accordingly, Company has zero tolerance for harassment or any other form of unlawful discrimination. Company will not tolerate retaliation against any employee for reporting matters under this policy or procedure, or for assisting in any inquiry about such a report. Employee agrees to strictly comply with Company policy.

After a hearing, the trial court compelled arbitration.

"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). According to Seifert, "the phrase 'arising out of or relating to' the contract has been interpreted broadly to encompass virtually all disputes between the contracting parties, including related tort claims." 750 So. 2d at 637. However, the Florida Supreme Court also qualified this otherwise broad scope:

> [E]ven in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.
>
> [T]he mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one "arising out of or relating to" the agreement. . . . [F]or a tort claim to be considered "arising out of or relating to" an agreement, it must, at a minimum, raise some issue the resolution of which requires reference to or construction of some portion of the contract itself.

3

Id. at 638.

Pet Doc specifically argues a significant relationship existed between the agreement and the claims because, "[w]ithout the Employment Agreement, Dr. Saunders would not have been an employee at Pet Doc, and Pet Doc would not have had any statutory or common law duties regarding the claims Dr. Saunders alleged." For several reasons, this argument fails. Seifert rejected such logic, holding, "While it is certainly true that this dispute would not have arisen but for the sales agreement between U.S. Home and the Seiferts, we conclude that the mere existence of such contract is not sufficient to compel that this dispute be arbitrated." Id. at 642. The court noted that the complaint's allegations neither asserted duties arising from the subject sales contract nor even referred to or mentioned the agreement, and thus concluded that the tort action dispute in the case did not bear "a significant relationship to the contract or that the parties in contracting necessarily contemplated the existence and arbitration of future tort claims for personal injuries based on a party's common law negligence." Id.

Although the employment agreement created the legal relationship between Pet Doc and Saunders, her claims did not relate directly to the contract itself. Cf. Sears Authorized Termite & Pest Control, Inc. v. Sullivan, 816 So. 2d 603, 606 (Fla. 2002) ("Sullivan's cause of action rests upon the failure to perform the agreement."); Terminix Int'l Co. v. Ponzio, 693 So. 2d 104, 108 (Fla. 5th DCA 1997) (finding that "[t]he controversy or claims here clearly arise out of or derive from Terminix's contractual undertaking" because "[t]he allegations of the complaint assert that Terminix had a duty, deriving from its contractual agreement, to eradicate certain pests and that it failed to do so resulting in bodily injury, etc. to the plaintiffs"). Instead, Saunders's complaint addressed Pet Doc's

4

duties under an Osceola County Ordinance (employer sex discrimination) and common law (negligence), not any particular duties created by the contract. Importantly, an employer-employee relationship may exist even without the execution of an employment agreement. Even without entering this agreement, Saunders could have raised the identical claims. Cf. Beazer Homes Corp. v. Bailey, 940 So. 2d 453, 460 (Fla. 5th DCA 2006) ("[I]n this case, the duties and relationships of the parties were created only by the sales contract. No third persons could have sued Beazer under these circumstances, although indeed, there is a general common law duty not to lie or misrepresent facts in connection with selling real estate."); Five Points Health Care Ltd. v. Alberts, 867 So. 2d 520, 521 (Fla. 1st DCA 2004) (finding arbitrability where the statutory rights raised in the complaint "arise only as a result of an admission and, hence, an admission agreement, with a nursing home facility"). Thus, the claims' general relation to her employment does not demand consideration of the underlying employment agreement.

Pet Doc argues the agreement's reference to a zero tolerance policy regarding workplace harassment and discrimination requires the arbitration of Saunders's sexual discrimination and negligence claims. However, the language of this provision addresses only Pet Doc's duty to terminate anyone who harasses or discriminates and Saunders's duty to comply with this policy, presumably by not harassing or discriminating against any of her co-workers. Saunders did not allege that Pet Doc breached the employment agreement by failing to comply with its zero tolerance policy. This provision, combined with the arbitration clause, does not necessarily communicate that the parties "contemplated the existence and arbitration of" claims like those raised by Saunders.

5

Seifert, 750 So. 2d at 642. Therefore, the trial court erred by compelling the arbitration of Saunders's claims.

REVERSED and REMANDED.

PALMER and EDWARDS, JJ., concur.