# Third District Court of Appeal
## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1791
Lower Tribunal No. 21-8522
_____

**Luis Frank Navarro, et al.,**
Appellants,

vs.

**Tania M. Varela,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Palomares Starbuck & Associates, PLLC, and Lorenzo J. Palomares, for appellants.

RC Law Group, and Ria N. Chattergoon (Hollywood), for appellee.

Before LOGUE, HENDON, and GORDO, JJ.

LOGUE, J.

Appellants Navarro Hernandez, P.L. and Luis Navarro (collectively, "Navarro") appeal the trial court's order granting in part and denying in part their Motion to Compel Arbitration and Dismiss Case. While the trial court

ruled that Appellee Tania Varela's claims for breach of contract, accounting, and fraudulent misrepresentation were arbitrable under the parties' contract, the trial court denied Navarro's request to compel arbitration as to Varela's claims for intentional infliction of emotional distress and violations of the Florida Civil Rights Act. Navarro contends the trial court erred in failing to compel arbitration as to all of Varela's claims. Finding no error in the trial court's conclusion that the foregoing claims were not arbitrable because they lacked a sufficient nexus to the contract containing the arbitration provision, we affirm.

Varela, an attorney, joined Navarro as a partner in 2018. Upon joining the firm, Varela executed an addendum to the firm's Operating Agreement (the "Agreement"). The Agreement provided Varela's compensation scheme, budgeting procedures for Varela's practice, procedures for the disassociation and expulsion of a partner, and, as relevant here, a mandatory arbitration clause. The arbitration provision stated:

> This Agreement delegates to the Shareholders and the Managing Shareholder the exclusive right to make decisions (or make recommendations) in many areas. None of the matters so reserved for decision, or subject to a vote of the Shareholders, in accordance with this Agreement shall be litigated or submitted to arbitration, except that any unresolved disagreement as to any other matter, including any dispute regarding the interpretation of this Agreement or the rights and obligations of

2

Shareholders and Partners with respect to this Agreement, shall be submitted to an arbitration panel of three arbitrators. Each party to the dispute shall select an arbitrator and the two arbitrators selected shall by mutual agreement chose [sic] the third arbitrator. The decision of the arbitrators as to any matter properly submitted to arbitration shall be final and binding on all Partners, shall be issued to the Shareholders and Partners only and to no one else, and shall remain confidential. The attorneys' fees and expenses of arbitration shall be reimbursed to the prevailing party or parties by the non-prevailing party or parties. Arbitration shall take place only in Miami-Dade County, Florida.

On June 26, 2019, Navarro terminated Varela. Varela then filed the underlying action, alleging claims for (I) Breach of Contract, (II) Accounting, (III) Intentional Infliction of Emotional Distress, (IV) Fraudulent Misrepresentation, (V) Violation of the Florida Civil Rights Act-Discrimination based on Gender/Pregnancy, and (VI) Violation of the Florida Civil Rights Act-Discrimination based on Handicap. Varela's claims for intentional infliction of emotional distress and violations of the Florida Civil Rights Act were based on factual allegations in her complaint concerning her high-risk pregnancy and her requests for reasonable accommodations because of her pregnancy. Navarro nevertheless argues these claims were also subject to arbitration because they arose from the parties' partnership relationship under the Agreement.

3

"This Court reviews an order granting or denying a motion to compel arbitration de novo." Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 693 (Fla. 3d DCA 2018). "[T]he determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." Seifert v. U.S. Home Corp., 750 So. 2d 633, 638 (Fla. 1999). To determine if such a nexus exists, we must determine whether a "claim, as alleged in the complaint, arises from and bears such a significant relationship to the contract between the parties as to mandate application of the arbitration clause." Id. at 640. "A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract." Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 593 (Fla. 2013) (citing Seifert, 750 So.2d at 638).

Varela's claims for intentional infliction of emotional distress and violations of the Florida Civil Rights Act, as pled in the complaint, do not allege that Navarro's conduct violated the Agreement, nor are her claims based on the terms of the Agreement. Instead, Varela alleges Navarro violated the Florida Civil Rights Act, which imposes legal duties on an employer regardless of the existence of a contract, and committed the tort of

intentional infliction of emotional distress, which provides duties "that would extend to anyone, third parties as well as [Varela], who might be injured by [Navarro's] tortious conduct." Seifert, 750 So. 2d at 641. Furthermore, Varela's intentional infliction of emotional distress and Florida Civil Rights Act claims do not require reference to or construction of the Agreement.

In Saunders v. St. Cloud 192 Pet Doc Hospital, LLC, 224 So. 3d 336 (Fla. 5th DCA 2017), the Fifth District reversed an order compelling arbitration on claims for sex discrimination by an employee against her employer. That court reasoned that "[a]though the employment agreement created the legal relationship between Pet Doc and Sauders, her claims did not relate directly to the contract itself." Id. at 338. Instead, the complaint addressed the employer's duties under a local ordinance relating to employer sex discrimination, not any particular duties created by the contract. Id. at 339. "[T]he claims' general relation to her employment does not demand consideration of the underlying employment agreement." Id. This was true even though the employment agreement in that instance did refer to workplace harassment and discrimination, which is not the case in this matter.

Similarly, in Club Mediterranee, S.A. v. Fitzpatrick, 162 So. 3d 251, 252-53 (Fla. 3d DCA 2015), this Court held that a premises liability and

negligence action filed by an employee against her employer did not require arbitration under the parties' employment agreement because the factual allegations of the complaint did not rely in any respect on the employment agreement and there was no nexus between the terms and provisions of that agreement and the assault which formed the basis of the employee's complaint.

Accordingly, we find no error in the trial court's conclusion that Varela's claims for intentional infliction of emotional distress and violations of the Florida Civil Rights Act are not arbitrable because they lack a sufficient nexus to the Agreement.

Affirmed.