# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1331
Lower Tribunal No. 19-37236
_____

**Manuel Costa, D.D.S.,**
Appellant,

vs.

**Miami Lakes AM, LLC, etc., et al.,**
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Wicker Smith O'Hara McCoy & Ford, P.A., and Jessica L. Gross, for appellant.

Sioli Alexander Pino, Frank J. Sioli, David Wolin, and Stephanie H. Wylie, Buchalter, Hoffman & Dorchak, and Kenneth J. Dorchak, for appellees.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Dr. Manuel Costa, challenges an order compelling arbitration rendered at the behest of appellees, Miami Lakes Auto Mall, LLC ("Auto Mall") and United American Lien and Recovery Corp. ("American Lien"). The factual scenario underlying this dispute is a recurring one that is all too familiar. After Dr. Costa refused to pay Auto Mall for repairs that were allegedly performed on his vehicle, the vehicle was sold at a public auction to satisfy an ensuing lien. Dr. Costa filed suit in the circuit court alleging claims for civil theft, conversion, and statutory violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (2021), the Florida Consumer Collection Practices Act, section 559.72(18), Florida Statutes (2021), and the Florida Deceptive and Unfair Trade Practices Act, section 501.201 et seq., Florida Statutes (2021). Ostensibly relying upon either an unsigned work order or a Retail Buyer's Order ("RBO") executed by the parties in conjunction with the sale of the vehicle some eighteen months before the instant dispute arose, the trial court ordered the parties to submit to arbitration. Through this appeal, Dr. Costa contends the trial court erred in failing to conduct an evidentiary hearing. We agree and reverse.

## BACKGROUND

On February 12, 2018, Dr. Costa purchased a vehicle from Auto Mall for $57,958.35. The RBO, executed by the parties in tandem with the

2

purchase, stated: "The Customer understands, acknowledges and agrees that the Retail Buyer Order ('RBO') and the Retail Installment Sales Contract ('RISC'), including any addenda are part of a single transaction for the purchase of the Vehicle."   The RBO contained the following arbitration clause:

> Dealer and Customer agree that any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained), including, but not limited to, any matter that may have induced the Customer to enter into a relationship with Dealer (collectively referred to as "Claim") and/or the validity and enforceability of this arbitration provision, shall be submitted to final and binding arbitration in the county and state where Dealer is situated.
> 1. The agreement to arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. §1, et seq. and not by any state rule or statute governing arbitration.  This agreement to arbitrate shall survive any termination, payoff or transfer of this contract.

Dr. Costa obtained financing and took possession of the vehicle.

In the latter part of 2019, the vehicle was towed to Auto Mall for repairs. Auto Mall prepared a work order.  Dr. Costa contended he did not receive or approve the work order.  The work order reflected the following arbitration clause:

> I have read and understand the provisions on the reverse side of this Work Order, and expressly agree to all provisions, including but not limited to (1) Delays, (2) Mandatory Mediation, (3) Arbitration Agreement & Jury Trial Waiver, (4) Consent to

3

Receive Calls or SMS Text Messages, and (5) Section 501.98, Florida Statutes.

Auto Mall performed repairs, and Dr. Costa refused to pay. With the assistance of American Lien, Auto Mall perfected a mechanic's lien. The vehicle was sold at auction, and Dr. Costa filed suit.

Auto Mall moved to compel arbitration. American Lien joined in the motion. The trial court convened a non-evidentiary hearing and entered an unelaborated order compelling all parties to arbitration. The instant appeal ensued.

## STANDARD OF REVIEW

We review an order granting or denying a motion to compel arbitration de novo. Duty Free World, Inc. v. Mia. Perfume Junction, Inc., 253 So. 3d 689, 693 (Fla. 3d DCA 2018).

## ANALYSIS

In enacting the Revised Florida Arbitration Code, the Florida Legislature codified the longstanding "strong public policy" favoring agreements to resolve disputes by arbitration. See Hagstrom v. Co.Fe.Me. USA Marine Exhaust, LLC, 322 So. 3d 145, 147 (Fla. 3d DCA 2021). To further that policy, the Code contains "a 'gatekeeper' provision allocating arbitrability issues between court and arbitrator." Arrasola v. MGP Motor Holdings, LLC, 172 So. 3d 508, 513 (Fla. 3d DCA 2015). In this regard, "[t]he

4

court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate," but "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." § 682.02(2), (3), Fla. Stat. (2022).

Consistent with the statutory framework and longstanding precedent, a court ruling on a motion to compel arbitration is constrained to consider three elements: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). In performing this analysis, "any doubts regarding arbitrability are resolved in favor of arbitration." Hagstrom, 322 So. 3d at 147.

Here, the operative complaint did not allege breach of contract. Instead, it was strictly limited to tort-based and statutory claims. Dr. Costa contended the work order was the product of fraud and, separately, that the accompanying arbitration clause was inauthentic. The complaint neither referenced nor incorporated the RBO.

In the absence of an evidentiary hearing, the competing claims surrounding the work order were incapable of determination. Similarly, although the RBO inarguably contained a broad arbitration clause, the

5

contract self-limited its reach to a single transaction—the sale and delivery of the vehicle.  It is unclear on this record whether the origins of this dispute implicate warranties or other issues emanating from the sale that bear a significant relationship to the RBO.  See Seifert, 750 So. 2d at 642–43 (concluding tort claim did not have a "sufficient relationship to the agreement as to require submission of the cause to arbitration"); Club Mediterranee, S.A. v. Fitzpatrick, 162 So. 3d 251, 253 (Fla. 3d DCA 2015) (finding "no nexus between the terms and provisions of [the] agreement [to arbitrate] and the assault on [appellee]"); Dewees v. Johnson, 329 So. 3d 765, 770 (Fla. 4th DCA 2021) ("[B]ecause the Purchase Contract includes an arbitration provision containing broad arbitration language, the claims subject to arbitration are not only those that arise out of the Purchase Contract but also those with a significant relationship to the Purchase Contract.").

Lastly, American Lien was not a party to either agreement.  Ordinarily, a non-signatory to an agreement cannot compel a signatory to arbitration. Kratos Invs. LLC v. ABS Healthcare Servs., LLC, 319 So. 3d 97, 101 (Fla. 3d DCA 2021); Koechli v. BIP Int'l, Inc., 870 So. 2d 940, 943 (Fla. 1st DCA 2004); Marcus v. Fla. Bagels, LLC, 112 So. 3d 631, 633 (Fla. 4th DCA 2013). There are, of course, exceptions.  Most notably, a non-signatory "may compel arbitration of claims brought by a signatory based on the doctrine of

6

equitable estoppel if the signatory raises allegations of concerted misconduct by both the non-signatory and one or more of the signatories to the contract." Greene v. Johnson, 276 So. 3d 527, 530–31 (Fla. 3d DCA 2019); see also Westmoreland v. Sadoux, 299 F.3d 462, 465 (5th Cir. 2002) ("We have sustained orders compelling persons who have agreed to arbitrate disputes when the party invoking the clause is a non[-]signatory, but only when the party ordered to arbitrate has agreed to arbitrate disputes arising out of a contract and is suing in reliance upon that contract."). Here, however, there is no record evidence to support the application of such an exception.

Accordingly, we are constrained to reverse and remand. Upon remand, the trial court shall confine its analysis to the claims framed in the current complaint. See Gannon v. Cuckler, 281 So. 3d 587, 596 (Fla. 2d DCA 2019) ("When a party in a civil lawsuit files an amended complaint[,] . . . we regard the amended document as a new and separate filing that displaces its predecessor."); E.P. v. Hogreve, 259 So. 3d 1007, 1010 n.2 (Fla. 5th DCA 2018) ("[A]n original pleading is superseded by an amended pleading that does not indicate an intention to preserve any portion of the original pleading.").

Reversed and remanded.