# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2094
LT Case Nos. 2022-CA-6818

_____

FLORIDA ROADS TRUCKING, LLC,
CAPPS LAND MANAGEMENT AND
TRUCKING INC., MURUGAN
TRUCKING AND EXCAVATING,
INC.,

 Appellants,

 v.

ZION JACKSONVILLE, LLC, GEC
TRUCKING AND CONSTRUCTION,
INC. f/k/a GEC TRUCKING, INC.,
JASON'S HAULING, INC., THE
WALSH GROUP d/b/a ARCHER
WESTERN CONTRACTORS, LLC,

 Appellees.

_____

On appeal from the Circuit Court for Duval County.
Bruce Rutledge Anderson, Jr., Judge.

Francesca M. Stein and Scott A. Cole, of Cole, Scott & Kissane,
P.A., Miami, for Appellants.

Niels P. Murphy and Davis D. Balz, of Murphy & Anderson, P.A.,
Jacksonville, and Andrew Prince Brigham and Trevor S. Hutson,
of Brigham Property Rights Law Firm, PLLC, St. Augustine, for
Appellee, Zion Jacksonville, LLC.

No Appearance for Remaining Appellees.

April 12, 2024

PRATT, J.

The contract in this case provides for arbitration of "[a]ny controversy or claim of Buyer against Seller or Seller against Buyer or its surety." Appellants are not the seller, the buyer, or the buyer's surety. Instead, Appellants assert that under a theory of equitable estoppel, they are entitled to invoke the arbitration provision and compel arbitration of the seller's claims against them. The trial court rejected their argument, and so do we. Under Florida law, equitable estoppel cannot be used to compel arbitration of claims that the contracting parties themselves never agreed to arbitrate, and here, the contracting parties agreed to arbitrate only claims between the seller, the buyer, and the buyer's surety. Therefore, we affirm the trial court's order denying Appellants' motion to stay and compel arbitration.

**I.**

Appellee Zion Jacksonville, LLC ("Zion"), owns a large parcel of undeveloped property in northeast Jacksonville. The property contains an abundance of a particular kind of sand that The Walsh Group, d/b/a Archer Western Contractors, LLC ("Archer Western"), needed to perform a roadway construction project. The two companies formed a contract under which Archer Western would pay Zion approximately $4.6 million to excavate designated sites and remove 850,000 cubic yards of the sand, and then re-grade the sites to an agreed-upon elevation. The contract contained the following arbitration language: "Any controversy or claim of Buyer against Seller or Seller against Buyer or its surety shall, at the option of Buyer or Buyer's surety and at any time, be resolved by arbitration pursuant to rules determined by Buyer."

In a separate agreement, Archer Western contracted with Appellants and with Appellee GEC Trucking and Construction,

2

Inc. (collectively, "the Trucking Companies")* to haul material and debris. We will spare our readers a dive into all the nitty gritty. For present purposes, it's enough to note that Zion eventually sued Archer Western and the Trucking Companies for litter and trespass, alleging that between April 2017 and December 2020, they dug an enormous pit and used the property as a dump site for mass quantities of sludge and construction debris.

Archer Western and the Trucking Companies moved to compel arbitration. The trial court partially granted Archer Western's motion and denied the Trucking Companies' motion *in toto*. Another panel of our Court recently held that Archer Western was entitled to compel arbitration of all Zion's claims against it. *See The Walsh Group d/b/a Archer Western Contractors, LLC v. Zion Jacksonville, LLC*, 379 So. 3d 571, 576 (Fla. 5th DCA 2024). In this appeal, the Trucking Companies urge reversal and seek the same outcome. But they do so from a very different perch: that of non-parties to the arbitration agreement pursuing a theory of equitable estoppel. As we shall see, that distinction makes a difference here.

## II.

"'The standard of review of a trial court's order on a motion to compel arbitration is de novo.'" *Id.* at 574 (quoting *Northport Health Servs. of Fla., LLC v. Louis*, 240 So. 3d 120, 122 (Fla. 5th DCA 2018)).

The Trucking Companies assert that Zion should be estopped from refusing to arbitrate its claims against them. The normal rule, of course, is that "a party cannot compel arbitration under an arbitration agreement to which it was not a party." *Beck Auto Sales, Inc. v. Asbury Jax Ford, LLC*, 249 So. 3d 765, 767 (Fla. 1st DCA 2018); *accord Olson v. Fla. Living Options, Inc.*, 210 So. 3d 107, 110 (Fla. 2d DCA 2016); *Rolls–Royce PLC v. Royal Caribbean Cruises LTD.*, 960 So. 2d 768, 770 (Fla. 3d DCA 2007). However,

---

* Archer Western also contracted with Jason's Hauling, Inc., which has not appeared in this appeal, and against which a clerk's default was entered below.

as the Trucking Companies point out, "Florida and federal courts have recognized that principles of equitable estoppel sometimes allow a non-signatory to compel arbitration against someone who *had* signed an arbitration agreement." *Beck Auto Sales*, 249 So. 3d at 767 (emphasis in original). Courts have done so in two situations: first, "when the signatory's claims allege 'substantially interdependent and concerted misconduct' by [another] signatory and the non-signatory," and, second, "when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory." *Id.* (citing *Koechli v. BIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. 1st DCA 2004); *Bailey v. ERG Enters., LP*, 705 F.3d 1311, 1320 (11th Cir. 2013)).

The Trucking Companies argue that Zion's claims fit both paradigms. First, they contend that Zion alleges Archer Western— a signatory—and the Trucking Companies acted in concert to dump and conceal waste on Zion's property. Second, they contend that resolution of Zion's claims will require reference to the contract. Zion's claims for trespass and illegal dumping, the argument goes, turn on whether Zion contracted to allow Archer Western's and the Trucking Companies' uses of the property.

Even assuming *arguendo* that the Trucking Companies meet the rubric for equitable estoppel, we still must ask whether the dispute that they seek to have arbitrated is one that the arbitration clause covers. It is well-established that "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). It follows that, while equitable estoppel to some extent puts a non-signatory in a signatory's shoes, the doctrine does not "expand the scope of disputes subject to arbitration." *Beck Auto Sales*, 249 So. 3d at 768. For that reason, courts will not compel arbitration of claims against non-signatories where the contract does not reflect an agreement to arbitrate such claims. *See, e.g.*, *id.* at 767–69 (rejecting a non-signatory's attempt to invoke an arbitration clause that "generally limited its applicability to disputes 'between the parties' to the arbitration agreement"); *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1353, 1357 (11th Cir. 2017) (applying Florida law to hold that a non-signatory cannot compel arbitration where the contract provides for arbitration of "disputes

4

arising between" the contracting parties); *cf. Koechli*, 870 So. 2d at 945 ("We note that this is not a situation in which the language of the contract expressly restricts arbitration to the signing parties.").

The contract between Zion and Archer Western provides for arbitration only of controversies and claims "of [Archer Western] against [Zion] or [Zion] against [Archer Western] or its surety." The Trucking Companies are not Archer Western or its surety, so the claims that they seek to arbitrate plainly fall outside the scope of the arbitration clause. Therefore, even if the Trucking Companies can invoke equitable estoppel, they cannot compel arbitration of Zion's claims against them, because doing so would exceed the scope of the arbitration clause.

In rejecting the Trucking Companies' attempt to compel arbitration, we acknowledge that Florida courts occasionally have allowed non-signatories to invoke arbitration clauses that are confined to disputes between the contracting parties. However, "in those cases the non-signatory defendants were officers and agents of a signatory, and they had themselves received rights and taken on obligations under the agreement." *Kroma Makeup*, 845 F.3d at 1355 (citing *Koechli*, 870 So. 2d at 946; *Ocwen Fin. Corp. v. Holman*, 769 So. 2d 481, 483 (Fla. 4th DCA 2000)). This case does not fit that description. The Trucking Companies were not officers or agents of Archer Western and had not received any rights, or incurred any obligations, under the contract between Zion and Archer Western. To the contrary, any of the Trucking Companies' rights and obligations derived from their own, separate contract with Archer Western. The Trucking Companies cite no authority—and we aren't aware of any—that would allow us to consider them Archer Western's officers or agents simply because they have their own, separate contractual relationship with Archer Western.

## III.

Where a contract subjects to arbitration claims between certain enumerated parties, that limiting language matters. Under appropriate circumstances, a non-signatory might invoke equitable estoppel to *access* an arbitration clause, but not to

excavate it and fill it with new terms. We affirm the trial court's order denying Appellants' motion to stay and compel arbitration.

AFFIRMED.

MAKAR and WALLIS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————