[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13733

Non-Argument Calendar

_____

JESUS SANTIAGO, JR.,

Plaintiff-Appellee,

*versus*

NENO RESEARCH LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01330-WFJ-AAS

_____

Before BRANCH, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Neno Research, LLC, (Neno) appeals the district court's denial of its motion to compel arbitration in its dispute with Jesus Santiago, Jr.  After a *de novo* review, we affirm the district court. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1263 (11th Cir. 2017) (stating we review "*de novo* both the district court's denial of a motion to compel arbitration and the district court's interpretation of an arbitration clause").

## I.  BACKGROUND

In his Complaint, Santiago alleged Neno violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b), when it provided information to Turn Technologies, Inc. (Turn), that "falsely portrayed Santiago as a convicted felon for burglary and several other misdemeanors for offenses committed between October 2011 and April 2022."  Santiago's employer terminated him after receiving the background check from Turn.  Neno, a non-signatory to an arbitration agreement between Santiago and Turn, moved to compel arbitration in Santiago's lawsuit against Neno.

Santiago previously filed a lawsuit against Turn alleging it violated the FCRA, and Turn demanded Santiago arbitrate his claims pursuant to the arbitration agreement.  Santiago requested the court enter an order staying his case against Turn pending arbitration, and the district court granted the motion.  The arbitrator issued an arbitration award holding Turn did not violate the FCRA.

Neno contends that Santiago's allegations against it are nearly identical to those Santiago lodged against Turn, and the arbitrator concluded Santiago was not entitled to damages from Turn. Neno contends it may compel arbitration under the doctrine of equitable estoppel or because it is a beneficiary under Turn and Santiago's agreement. The district court disagreed, finding neither equitable estoppel nor beneficiary enforcement of an arbitration agreement applied.

## II. DISCUSSION

### A. *Equitable Estoppel*

Neno contends the district court erred in determining that Santiago was not equitably estopped from denying arbitration. Whether a non-party can enforce an arbitration clause against a party is controlled by the applicable state law. *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170-71 (11th Cir. 2011). Florida law applies here.[1] Under Florida's doctrine of equitable estoppel, "a defendant who is a non-signatory to an agreement containing an arbitration clause can force arbitration of a signatory's claims when the signatory . . . must rely on the terms of the written agreement

---

[1] For the first time on appeal, Santiago asserts that Illinois law should apply. Santiago concedes this argument was not made before the district court, and thus we, like the district court, decide this issue under Florida law. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("[W]hen it was time to raise a dispute about choice of laws, there seems to have been no controversy about what state's law applied: Florida law. . . . So, the question properly presented to the district court, and now to us, is whether a cause of action exists under Florida law.").

in asserting its claims against the nonsignatory. . . ." *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017) (quotation marks omitted). Equitable estoppel also applies "when the signatory to the contract containing [the] arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Koechli v. BIP Intern., Inc.*, 870 So. 2d 940, 944 (Fla. 1st DCA 2004).

The district court did not err in determining that Santiago's claim against Neno does not rely on the terms of his contract with Turn. Santiago's claim against Neno is brought pursuant to the FCRA, not pursuant to the contract between Santiago and Turn. Thus, equitable estoppel based on contractual reliance does not apply.

The district court also did not err in finding that Santiago's claim does not allege "substantially interdependent and concerted misconduct" between Neno and Turn.[2] As the district court stated, "Santiago does not claim that Turn and Neno colluded or conspired against him in any way." Santiago also did not assert that "Neno and Turn's actions were indistinguishable from each other,

---

[2] We reject Neno's assertion that Santiago forfeited his argument regarding substantially interdependent and concerted misconduct by not arguing it before the district court. Santiago argued generally in his response in opposition to Neno's motion to compel arbitration that equitable estoppel was inapplicable to this case. The district court addressed the two standards for equitable estoppel under Florida law, and we conclude Santiago did not forfeit this argument.

like those of a business entity and its owner."  Instead, Santiago alleged "Neno had to gather information on 'Jesus Santiago' to include in a criminal background report, which it then had to *sell* to Turn. . . . These are two distinct steps that cannot be described as 'inextricably intertwined.'"  The district court stated further:

> Indeed, Plaintiff's allegations now concern the sufficiency of Neno's information-gathering procedures, rather than Turn's, which likely yields a separate set of facts.  In sum, Plaintiff does not allege fraudulent 'concerted misconduct' between signatory Turn and non-signatory Neno.  Nor does Plaintiff allege that Neno and Turn engaged in indistinguishable conduct.  Accordingly, equitable estoppel in the situation of concerted misconduct is inapplicable.

We affirm the district court's conclusion that Neno cannot compel arbitration using the doctrine of equitable estoppel.

## B. *Beneficiary*

Neno contends the district court erred in finding Neno was not entitled to enforce Santiago's arbitration agreement as a beneficiary of the agreement between Santiago and Turn.  The arbitration clause provides the following:

> You and Turn agree to arbitrate all disputes and claims between us that arise out of, relate to, or are associated with the Services, the Sites or Turn.  This agreement to arbitrate is intended to be broadly interpreted.  It includes, but is not limited to, all claims arising out of or relating to any aspect of our relationship, whether based in contract, tort, statute, fraud,

6                    Opinion of the Court                 24-13733

misrepresentation or any other legal theory, that arose either before or during this or any prior agreement, or that may arise after termination of these Terms, including . . . claims involving the security, transfer, or use of data about you. . . . References to "Turn", "you", and "us" include our respective predecessors in interest, successors, and assigns, as well as our respective past, present, and future subsidiaries, affiliates, agents, employees, and all authorized or unauthorized users or beneficiaries of Services or Sites under this or prior agreements between us.

The district court did not err in determining that, based on the plain language, "beneficiaries" under the arbitration clause are "those who purchase, receive, or otherwise use the worker screening reports that Turn prepares for potential employees." It follows that "Neno cannot reasonably be understood as a user or beneficiary of the background check services Turn provided to verify 'Jesus Santiago's' continued employment." While Neno contends it benefitted from its agreement with Turn to provide court records, Neno is not an anticipated user or beneficiary of a contract for a background report on Santiago.

We affirm the district court's conclusion that Neno was not a beneficiary under the arbitration clause and cannot compel arbitration under that clause.

## III.  CONCLUSION

After *de novo* review, we conclude the district court did not err in determining neither equitable estoppel nor beneficiary

24-13733                Opinion of the Court                7

enforcement of an arbitration agreement apply. *See Jones*, 866 F.3d at 1263. Thus, we affirm the district court's denial of the motion to compel arbitration.

**AFFIRMED.**